OPINION AND ORDER
DESMOND, Justice:
The Confederated Salish and Kootenai Tribes, (“the Tribes”), appeal the Tribal Court’s dismissal of a Criminal Contempt Complaint against Defendant/Appellee William Worley. The question presented here is whether a Defendant can be found in criminal contempt of court if he or she fails to comply with a condition of a Tribal Court Release Order. The dismissal is affirmed in accordance with the following.
A criminal Complaint was filed against Appellee Worley on August 20, 1995, as a result of his allegedly consuming alcohol in violation of his conditions of release on an earlier criminal charge. The following description of the events which led to Appel-lee Worley’s arrest are taken from the allegations of Tribal Prosecutor Susan Firth’s Probable Cause Affidavit in Support of Motion to File Complaint. Early on the morning of August 19, 1995, a Tribal Police Officer found Mr. Worley asleep in his vehicle. The officer asked the police dispatcher to run a check on Mr. Worley’s license plates. The dispatcher reported that the vehicle was registered to Mr. Worley and that Mr. Worley was on eondi- *68 tional release in connection with a criminal proceeding. The dispatcher further reported that one of the conditions of Mr. Worley’s release was that he refrain from consuming alcohol. The police officer suspected that Mr. Worley had consumed alcohol. After asking Mr. Worley to perform a field sobriety test, the officer took Mr. Worley to the police station where his blood alcohol concentration was determined by breathalyzer to be 0.174.
The Complaint charged Mr. Worley with Criminal Contempt in violation of § 2-7-310(l)(c), of the Tribal Law and Order Code. On September 28, 1995, Mr. Worley moved to dismiss the Complaint based on his view that the police officer lacked probable cause to detain him or investigate his situation. The Motion was fully briefed. Trial was set for February 1, 1996.
On January 30, 1996, presiding Tribal Judge Louise Burke dismissed the Complaint, not on the basis of the probable cause issue, but rather on an issue the Court raised on its own, i.e., whether or not the underlying facts supported a charge of Criminal Contempt.
Section 2-7-310 states in relevant part: 1. A person commits the offense of criminal contempt by knowingly engaging in any of the following conduct:
[[Image here]]
c. purposely disobeying or refusing any lawful process or mandate of Tribal Court.
Judge Burke found that Mr. Worley did not violate an order of the Court. She read the Tribal Court Release Order, not as an Order to a defendant to do or not do anything, but rather as an Order to release the defendant and a list of conditions of a defendant’s continued release pending trial. She stated:
The Court reads the Release Order as ordering Defendant’s release. The Court did not order Defendant to abstain from alcohol, but predicated his release from custody upon certain conditions, including that he refrain from drinking alcoholic beverages. Therefore, Defendant did not ‘disobey a mandate of Tribal Court’ by drinking.
Order Dismissing Action, Cause No. 95-932-CR, p. 2. Judge Burke did find that Mr. Worley had violated a condition of his release and scheduled a bond hearing.[1]
The Tribes appealed the dismissal, arguing that it is contrary to prior Tribal Court decisions. Specifically, according to the Tribes’ Brief, in numerous cases defendants who allegedly violated conditions of release have been charged with Criminal Contempt. The Tribes indicate that they can cite no tribal caselaw on this subject because the Tribes’ interpretation of the law has been generally accepted until now. The Tribes cite decisions from other jurisdictions supporting their interpretation of the consequences of violating a condition of release.
Appellee Worley responds that the dismissal should be upheld primarily because the Tribal Court is entitled to deference in the interpretation of its own order. He also points out that nothing on the Release Order specifically directs a defendant to follow the conditions of the release. Thus, in his view, if a defendant fails to comply with the conditions, the only legally permissible consequence is to return him to jail-
*69 Additionally Appellee Worley indicates that two Criminal Procedure provisions of the Tribal Law and Order Code support Ms position. First, Chapter III, Section G6, Release Agreements, provides as follows:
1. If a defendant is released from custody pending a criminal proceeding, the conditions of release shall be set forth in an agreement signed by the defendant.
2. A release agreement shall specifically state all restrictions placed on the defendant, including that the defendant is to:
a. appear to answer the charges in the Tribal Court on a day certain and thereafter as ordered by the Tribal Court until discharged or released by final order of the Tribal Court;
b. submit to all orders and process of the Tribal Court;
c. remain within the exterior boundaries of the Flathead Reservation, unless given leave by the Tribal Court to depart from the Reservation; and
d. comply with such other conditions of release as the Tribal Court may deem appropriate.
Second, Chapter III, G8, Violation of a Release Agreement, provides that the Court may direct the forfeiture of bail when a defendant fails to meet the conditions required in the release agreement. No mention is made of charging a defendant with criminal contempt.
Appellee Worley also argues that charging Criminal Contempt for violation of a condition of release violates the due process protection of the Indian Civil Rights Act.
The trial court’s dismissal should be affirmed. A court’s interpretation of its own orders is entitled to great deference. The trial court set forth the basis for its determination clearly and logically.
The Tribes’ argument that the trial court’s decision is contrary to practice is not persuasive. Whatever the practice may have been, if it is not supported by law, then it cannot be used to justify retaining the practice. Further, the decisions cited by the Tribes are distinguishable either because of different applicable law in the relevant jurisdiction or because of differently-written orders of release.
The trial court’s decision is also supported by the tribal constitution. Article VII—BILL OF RIGHTS provides in relevant part:
Section 4. Any member of the Confederated Tribes accused of any offense, shall have the right to a prompt, open and public hearing, with due notice, of the offense charged ...
The record does not indicate that Ap-pellee Worley was warned of criminal consequences of failure to comply with the conditions of release. The Order itself contains no warning to this effect. Nor do the code provisions on release agreements contain criminal penalties or references to penalties. Finally, 2—7—310(l)(c) itself, while criminalizing a violation of a mandate of the Tribal Court, does not specifically list conditions of release as mandates within the meaning of the provision. Thus, to have allowed this proceeding to go forward in the absence of dear notice of the offense would have been in conflict with Article VII, Section 4 of the constitution.

. Following the dismissal, the Tribes moved for clarification of whether the Tribal Police can arrest a defendant for violating a Release Order. On February 2, 1996, Judge Burke issued an Order stating that the tribal police should arrest any defendant who violated a Release Order condition and hold the person in jail pending a bond hearing.